## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 14-14008-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

WILLIAM A. TENDRICH,

      **Defendant.**

_____/

```
FILED by _____ D.C.

    OCT 3 1 2014

   STEVEN M. LARIMORE
   CLERK U.S. DIST. CT.
  S.D. OF FLA. - FT. PIERCE
```

### DETENTION ORDER

Pursuant to Title 18, United States Code, Section 3142(f), on October 31, 2014, a detention hearing was held to determine whether the Defendant, William A. Tendrich, should be detained prior to trial. Having considered the factors enumerated in Title 18, United States Code, Section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of any other person and/or the community. Therefore, it is hereby ordered that the Defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of Title 18, United States Code, Section 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

      1.      The Defendant is charged in a seven count Indictment with four counts of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2); and three counts of possession of a firearm with an obliterated or altered or removed serial number, in violation of Title 18, United States Code, Section 922(k) and 924(a)(1)(B).

The proffer of the government established that the investigation of the Defendant began with the FBI investigating the Pagan Motorcycle Club here locally.   The Defendant is alleged to be a long time member of that club.  A confidential informant (CI) was utilized by the government in this case.  The government's proffer sets forth that the CI has multiple felony convictions.

Counts One and Two of the Indictment relate to a meeting that the CI had with this Defendant on May 9, 2011 as set forth in the Indictment.  The CI was wearing a wire transmitter at that time.  He purchased firearms from the Defendant as more particularly described in Counts One and Two of the Indictment.  Those firearms had obliterated serial numbers and the Defendant admitted that he was the one that took the serial numbers off the weapons.

Counts Three and Four of the Indictment relate to another meeting the CI had with this Defendant which occurred on May 17, 2011.  At that time another firearm, more particularly described in those counts, was purchased by the CI from the Defendant with an obliterated serial number.  The Defendant again admitted that he had obliterated the serial number.

At this point in the government's proffer, the government submits that the Defendant had a previous conviction in 2009 in St. Lucie County, Florida for grand theft and a certified copy of that Judgment and Conviction has been provided to counsel for the Defendant.

On August 8, 2011, the CI had another meeting with the Defendant and another member of the Pagan Motorcycle Club known as "Mr. Close."  The purpose of the meeting was for the CI to introduce a proposed buyer of guns to the Defendant and Mr.

2

Close.  This "buyer" was actually an undercover FBI agent (UCO).  The meeting took place and further negotiations went forward with the Defendant.

Counts Five, Six and Seven relate to a meeting at the Pagan clubhouse in South Sebastian, Florida, on November 3, 2011.  At that time, the UCO met with the Defendant.  The CI was not present.  The Defendant sold the guns referenced in Counts Five, Six and Seven.  However, only one of the weapons had an obliterated serial number.  The Defendant admitted to removing that serial number.

_____

Special Agent Miller of the FBI was present for cross-examination.  Counsel for the Defendant had no cross-examination nor any questions of Special Agent Miller.  The Defendant presented no witnesses, evidence, or argument at the Detention Hearing.

2.      The pertinent history and characteristics of the Defendant are taken from the Pretrial Services Report.  The Defendant was born in New York in 1975.  He has resided in Florida since 2002.  He is presently serving a sentence in the Florida Department of Corrections.  He is single and has one child age 16.  He owns no significant assets.  He has prior convictions for escape, possession of stolen vehicle, shoplifting, breaking and entering, carrying a dangerous weapon/sawed off shotgun, possession of ammunition, possession of a firearm with mutilated serial number, breaking and entering, larceny, breaking and entering, breaking and entering, violation of probation, breaking and entering and larceny, knowingly receiving stolen property, operating a vehicle with suspended registration, operating a vehicle with a suspended license, attaching a wrong tag, possession of a Class B drug/ecstasy, operating a motor

vehicle with a suspended license (two counts), failure to register a motor vehicle, third degree grand theft, and aggravated battery.

3.      There is probable cause to believe the Defendant committed the offenses set forth in the Indictment.  The weight of the evidence against the Defendant is great at this stage of the proceedings.   This Court will not restate the evidence set forth herein above as taken from the government's proffer.  The Defendant was recorded during these transactions and admitted to selling the weapons to a CI and/or UCO on the occasions set forth in the Indictment. The Defendant admitted obliterating the serial numbers from the weapons as set forth in the Indictment.  The Defendant is presently serving a sentence in the Florida Department of Corrections and was a prior convicted felon at the time that these transactions took place as alleged in the Indictment.  He shall be detained as a risk of flight and a danger to the community.

4.      The Court specifically finds that there is no condition or combination of conditions which will reasonably assure the appearance of the Defendant as required and the safety of any other person and/or the community. Title 18, United States Code, Section 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a risk of flight and a danger to the community. The Court hereby directs:

a.      That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

4

      b.      That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

      c.      That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** this _2/6_ day of October, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:
AUSA Russell Killinger
Allen Kaufman, Esq.
Pretrial Services
U.S. Marshal